IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHEMEKIA D. MCINTIRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 2:12cv820-WC |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

## I. INTRODUCTION

Plaintiff, Shemekia McIntire, applied for supplemental security income ("SSI"). Her application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a decision in which she found Plaintiff not disabled at any time through the date of the decision. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. 8); Def.'s Consent to Jurisdiction (Doc. 9). Based on the court's review of the record and the briefs of the parties, the court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2011).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a

---

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

The court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

## III.     ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-two years old at the time of the ALJ's decision. Tr. 24. Plaintiff has at least a high school education. *Id*. Plaintiff's past relevant work is "unskilled." *Id*. Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff "has not engaged in substantial gainful activity since November 7, 2008, the application date." (Step 1) Tr. 20. At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "obesity and lumbar disc disease." *Id*. The ALJ then found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." (Step 3) Tr. 21. Next, the ALJ found that Plaintiff has the RFC to perform light work with severe restrictions. *Id*. The ALJ then concluded that Plaintiff "is unable to perform any past relevant work." (Step 4) Tr. 23. At Step 5, the ALJ found that, "[c]onsidering the claimant's age, education, work experience, and residual functional capacity," and after consulting with the VE, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." Tr. 24. The ALJ identified the following occupations as examples: "assembler," "surveillance system monitor," and "callout operator." Tr. 24. Accordingly, the ALJ determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, since November 7, 2008, the date the application was filed." Tr. 25.

## IV.     PLAINTIFF'S CLAIMS

Plaintiff presents three issues for this court's consideration in review of the ALJ's decision:  (1) whether "[t]he Commissioner's decision should be reversed[] because the ALJ failed to give adequate weight to the opinion of Dr. Haley"; (2) whether "[t]he Commissioner's decision should be reversed[] because the ALJ failed to apply the Eleventh Circuit three-part pain standard"; and (3) whether "[t]he Commissioner's decision should be reversed[] because the ALJ failed to evaluate Ms. McIntire's obesity in accordance with SSR02-1p."  Pl.'s Br. (Doc. 13) at 5.  The court will address each argument below.

## V.     DISCUSSION

### A.     *Whether the ALJ failed to give adequate weight to the opinion of Dr. Haley.*

Plaintiff argues that the ALJ erred in his treatment of Dr. Haley's opinion. Plaintiff asserts that Dr. Haley was one of Plaintiff's treating physicians, and the ALJ "failed to clearly articulate 'good cause' under the Eleventh Circuit standard for according less than substantial or considerable weight" to Dr. Haley's opinion.  Pl.'s Br. (Doc. 13) at 7.  Specifically, Plaintiff asserts that the ALJ "discounted" the following statements made by Dr. Haley:  (1) that Plaintiff's weight was an "urgent problem"; (2) that Plaintiff "was not a candidate for prolonged sitting or standing due to her obesity"; and (3) that "no one would hire [Plaintiff] due to her obesity."  Pl.'s Br. (Doc. 13) at 6.

In the Social Security context, not every physician qualifies as a treating physician whose opinion is entitled to controlling weight. Controlling weight need not be given to a physician "merely because the claimant designates the physician as her treating source." *Doyal v. Barnhart*, 331 F.3d 758, 763 (10th Cir. 2003). Further, unless an examining physician presented the only medical evidence, "the opinion of an examining physician who only saw the claimant once is not entitled to the sort of deferential treatment accorded to a treating physician's opinion." *Id.* Here, Defendant points out that Dr. Haley only met with Plaintiff on one occasion. Def.'s Br. (Doc. 16) at 8 (citing Tr. 203). This does not oblige the ALJ to give Dr. Haley's opinion controlling weight as a treating physician.

To the extent the Dr. Haley was a treating physician, the ALJ normally must give the opinion of a treating physician "substantial or considerable weight unless 'good cause' is shown to the contrary." *See Phillips*, 357 F.3d at 1240. "'[G]ood cause' exists when the:  (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1240-41. Further, "[t]he ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir.

1986) (holding the ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight").

Here, the ALJ did consider Dr. Haley's opinion. In fact, the ALJ expressly stated "I give substantial weight to assessments from orthopedist Dr. Haley," except for Dr. Haley's "conclusions regarding sitting and standing," to which the ALJ gave "little weight." Tr. 23. To the extent the ALJ rejected portions of Dr. Haley's opinion, the ALJ gave good cause. Specifically, the ALJ stated "bariatrics is not Dr. Haley's specialty," "[Dr. Haley's] conclusion that no one would hire [Plaintiff] is speculative at best and certainly outside the area of his expertise," and "[Plaintiff] herself has reported a lifelong history of significant obesity, yet she has managed to sustain work despite her weight." Tr. 22-23. Thus, the ALJ articulated "good cause" for the rejection of Dr. Haley's statements—that the opinion was not bolstered by the evidence, evidence supported a contrary finding, and the opinion was conclusory—and that rejection is supported by substantial evidence.

The court has reviewed Dr. Haley's opinion and agrees with the ALJ's decision to disregard the three statements discussed above. Those statements are conclusory, unsupported by the other evidence, and an infringement on the determinations that are to be left to the Commissioner. Accordingly, the court finds no error.

### B. Whether the ALJ failed to apply the Eleventh Circuit three-part pain standard.

Plaintiff argues that the ALJ failed to properly review Plaintiff's subjective complaints of pain and states that "[t]he ALJ's decision is devoid of a credibility finding or consideration for pain evaluation." Pl.'s Br. (Doc. 13) at 7. The court does not agree.

The Court of Appeals for the Eleventh Circuit has articulated its "pain standard," governing the evaluation of a claimant's subjective testimony about pain, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). The ALJ evaluates the "claimant's subjective testimony of pain" only after the claimant satisfies the first and one of the alternate portions of the second prong of the pain standard. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Eleventh Circuit has also held that, "in certain situations, pain alone can be disabling, even when its existence is unsupported by objective evidence." *Id.* at 1561. Importantly, it is only evidence of the underlying condition which could reasonably be expected to cause pain, not evidence of actual pain or its severity, which must be presented by the claimant to satisfy the "pain standard." *Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991); *see also Foster v. Heckler*, 780 F.2d 1125, 1129 (4th Cir. 1986); *Hill v. Barnhart*, 440 F. Supp. 2d 1269, 1272-73

9

(N.D. Ala. 2006) (quoting *Elam*, 927 F.2d at 1215). After making these determinations, the ALJ proceeds to consider the claimant's subjective testimony about pain, and the ALJ's decision to reject or discredit such testimony is reviewed for substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992).

Plaintiff argues that the ALJ did not apply this standard. However, the ALJ found that Plaintiff has lumbar disc disease, an underlying medical condition satisfying the first prong of the pain standard. Tr. 23. The ALJ also found that Plaintiff satisfied prong two, stating "[Plaintiff]'s medically determinable impairments could reasonably be expected to cause the alleged symptoms." Tr. 22. Next, the ALJ properly made a determination of the credibility of Plaintiff's complaints, stating that in light of the medical evidence, "[Plaintiff's] complaints of pain and medication side-effects seem substantially overstated" and "the findings fail to establish lumbar disc disease of such severity that it would be expected to cause symptoms and limitations of the degree described by the claimant, even allowing for the side-effects of medication." *Id.* Plaintiff merely challenges whether the ALJ applied the pain standard but does not challenge the credibility determination. The court finds no error with the ALJ's credibility determination, and this claim has no merit.

### C. *Whether the ALJ failed to evaluate Plaintiff's obesity in accordance with SSR 02-1p.*

Plaintiff argues that the ALJ failed to evaluate Plaintiff's obesity as required and that "the ALJ's findings as it pertains to obesity consists of two sentences." Pl.'s Br.

10

(Doc. 13) at 7. The court does not agree. The ALJ properly considered Plaintiff's obesity, yet the ALJ found the obesity was not severe enough to prohibit Plaintiff from working.

Under Social Security Ruling 02-1P, simple allegations with respect to a plaintiff's weight are not enough to establish that a plaintiff's obesity is a severe impairment on her ability to work. "There is no specific level of weight or BMI that equates with a 'severe' or a 'not severe' impairment. Neither do descriptive terms for levels of obesity (e.g., 'severe,' 'extreme,' or 'morbid' obesity) establish whether obesity is or is not a 'severe' impairment for disability program purposes. Rather, we will do an *individualized assessment of the impact of obesity on an individual's functioning* when deciding whether the impairment is severe." SSR 02-1P, 2000 WL 628049 (Sept. 12, 2000), *at 4 (emphasis added).

The ALJ's opinion explicitly indicates that she did consider Plaintiff's obesity and makes reference to Social Security Ruling 02-1p by stating,

> Obesity does not represent a listed impairment. Considering the effects of obesity in accordance with Social Security Ruling 02-1p, there is no indication that the claimant has any other impairment or impairments which, in combination with obesity, meets a listing or results in listing-level functional limitations, or that obesity by itself results in any listing-level functional limitations.

Tr. 21. In fact, the ALJ refers to Plaintiff's obesity and weight at least fifteen times in the eight-page decision. *See* Tr. 18-25. Thus, the ALJ satisfied his obligation under Social Security Ruling 02-1p.

Moreover, the Eleventh Circuit and other district courts within this circuit have found that an ALJ did not commit reversible error in circumstances similar to this case. *See, e.g.*, *Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260 (11th Cir. 2009) (finding no error where the "record reflects that the ALJ considered [the claimant's] obesity[,] . . . the ALJ made specific reference to SSR 02-1p in his ruling [,]" and the medical evidence did not support "specific functional limitations" attributable to obesity); *James v. Barnhart*, 177 F. App'x 875, 877 n. 2 (11th Cir. 2006) (per curiam) (finding that the ALJ did not err in failing to find obesity to be a severe impairment where, during her own testimony at the administrative hearing, the plaintiff did not complain that obesity was a functional impairment); *Gary v. Astrue*, 2009 WL 3063318, at *2-3 (M.D. Ala. Sept. 22, 2009) (failure to mention obesity or explain conclusion as to whether obesity caused any physical or mental limitations did not provide basis for relief where the claimant identified no evidence in the record to support her position that the condition caused "significant limitations on her ability to work"); *Vickers v. Astrue*, 2009 WL 722273, at *14 (N.D. Fla. Mar. 18, 2009) (remand for failure to mention obesity was not required where the claimant did not show how his obesity impacted his ability to work); *Ingram v. Astrue*, 2008 WL 2943287, at *6 (M.D. Fla. July 30, 2008) (finding that even though the claimant's weight was noted repeatedly throughout the record, the ALJ's failure to mention obesity or address it in accordance with SSR 02-1p did not constitute grounds for reversal where the claimant had not identified any evidence suggesting that his RFC

was affected by his obesity); *Broz v. Astrue*, 2008 WL 1995084, at *15 (N.D. Fla. May 5, 2008) ("[B]ecause Plaintiff has not demonstrated that obesity reduced his functional capacity, the ALJ properly declined to consider it as part of his list of Plaintiff's severe impairments.").

Like the cases cited above, here, Plaintiff failed to explain how her obesity caused further limitations than those found by the ALJ and Plaintiff did not identify any reliable medical opinions supporting limitations beyond those stated in her RFC resulting from her obesity. Consequently, Plaintiff is entitled to no relief on this basis.

## VI.　CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is AFFIRMED. A separate judgment will issue.

Done this 16th day of December, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE